## Case No. 15,352.

### UNITED STATES v. The HENRY.

[4 Blatchf. 359; 16 Leg. Int. 316; 4 Wkly. Law Gaz. 175; 41 Hunt, Mer. Mag. 708.] [1]

Circuit Court, S. D. New York.    Sept. 22, 1859.

SLAVE TRADE—SEIZURE OF VESSEL—CERTIFICATE OF PROBABLE CAUSE—STIPULATIONS.

1. Where, on dismissing a libel filed against a vessel for a violation of the act against the slave trade, the district court granted a certificate of reasonable cause of seizure, and it appeared that no seizure had in fact been made, but that it was omitted, to save expense and delay, at the request of the counsel for the claimant, and on a written stipulation by him that a seizure had been made, *held* that, under the 89th section of act of March 2, 1799 (1 Stat. 696), the stipulation was a sufficient foundation for the order of reasonable cause of seizure, and that the district court had authority to make such order.

[Cited in U. S. v. Ninety-Two Barrels of Rectified Spirits, Case No. 15,892.]

2. The practice of instituting penal suits on behalf of the government by stipulation or compromise, rebuked.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel of information, filed in the district court, by the United States, against the brig Henry, upon a charge of having been fitted out in the port of New York, for the purpose of engaging in the slave trade, contrary to the act of congress, and praying forfeiture and condemnation of the vessel. The district court, after a hearing on proofs, dismissed the libel, but, upon the facts disclosed on the hearing, granted a certificate of reasonable cause of seizure, to the collector or person making the seizure. [Case unreported.] The claimants took an appeal to this court, to review the order granting the certificate of reasonable cause of seizure.

Charles H. Hunt, Asst. U. S. Dist. Atty.
Mr. Beebe, Mr. Dean, and Charles Donohue, for claimants.

NELSON, Circuit Justice. The principal objection urged to the order of the court below is, that no seizure of the vessel took place by the collector or any officer of the customs, and that, hence, the case was one in which the court below had no jurisdiction or authority to make the order, under the 89th section of the act of congress of March 2, 1799 (1 Stat. 696). It appears, from the record, that an actual seizure of the vessel was omitted at the request of the counsel for the claimants, and that the assistant district attorney, Mr. Joachimssen, in the absence of his superior, Mr. Sedgwick, agreed to take a stipulation of the counsel that a seizure had been made, and waived the formality of one, in order to save expense and delay. The stipulation is in writing, and was given in evidence in the court below. It is now insisted, that the stipulation was designed to furnish evidence of the seizure, so far as that fact was essential to maintain the suit for condemnation, but was not to be urged as a ground for the granting of an order of reasonable cause of seizure. The act of congress, already referred to, makes the seizure a material fact to the maintenance of the suit for condemnation and forfeiture, and provides for a certificate of reasonable cause, in case judgment shall be given for the claimant, in which event the claimant is denied costs, and the person making the seizure is exempt from suit. Now, the stipulation in this case is unqualified, and, if it is to be regarded as sufficient to establish the fact of seizure for the purpose of the suit for condemnation, which is admitted, I do not see how it can be held insufficient as a foundation for the order for a certificate of reasonable cause. There is nothing on its face indicating any such qualified use, or that any such modified sense of the instrument existed in the minds of the parties at the time; and, certainly, there is nothing in the nature of the transaction, or in the circumstances of the case, to persuade the court to give to the instrument a strained or mitigated construction, to the prejudice of the party who has accepted it in good faith, and acted accordingly. It may be said, that if no seizure of the vessel was actually made by the collector, the certificate of reasonable cause was unnecessary and immaterial. But, if so, then this attempt to get rid of it is equally unnecessary and immaterial. How this may be, cannot be determined on the facts before the court. It may be that there was such an interference with the vessel by the officers of the customs, resulting in this stipulation, as would, though falling short of a technical seizure, subject them to an action by the claimant or owner of the vessel.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. 16 Leg. Int. 316, and 41 Hunt, Mer. Mag. 708, contain only partial reports.]

Upon the other question in the case, namely, whether there was ground for the certificate of reasonable cause, I concur with the court below. I cannot forbear the expression of an opinion, that the mode adopted in this case for initiating the proceedings for the condemnation and forfeiture of the vessel, is not such as should be entitled to any very favorable consideration. Public officers had better follow out the requirements of the law, and assume all the responsibility belonging to their acts. Very great abuses might arise from the institution of penal suits on behalf of the government by stipulation or compromise.

The decree of the court below is affirmed.